UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21-cv-271

| | |
|---|---|
| ANDREW LABRECHE,<br><br>        Plaintiff,<br><br>vs.<br><br>DAVID CHAMBERS, in his individual and official capacity, TOMMY DAVIS, in his individual and official capacity, ROBERT MARTELLE, in his individual and official capacity, ELLEN SHELLEY, in her individual and official capacity, MICHELLE MCENTIRE, in her individual and official capacity, TED BELL, in his individual and official capacity, RUTHERFORD COUNTY SHERRIFF'S OFFICE, CHRIS FRANCIS, in his individual and official capacity, CHAD MURRAY, in his individual and official capacity, JAMIE MODE, in his individual and official capacity, WILMER CHAVEZ-PEREZ, in his individual and official capacity, TYLER GREEN, in his individual and official capacity, and JOHN DOES [1-15], in their individual and official capacities<br><br>        Defendants. | **DEFENDANTS RUTHERFORD COUNTY SHERIFF'S OFFICE, CHRIS FRANCIS, CHADD MURRAY, JAMIE MODE, WILMER CHAVEZ-PEREZ, AND TYLER GREENE'S REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** |

## I.    **INTRODUCTION**

Plaintiff's Response [Document 18] is replete with erroneous legal analysis and a restatements of facts alleged in his complaint, which fail to offer additional support to avoid dismissal of his Complaint. Simply alleging that the "Police

Defendants" violated his rights with only the elements of the claim but without any additional factual support, does not state a claim for relief under the pleading standards set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 129 S.Ct. 1937 (2009)

In both his Complaint and his Response, Plaintiff makes conclusory allegations regarding violations he experienced directly, and conflates those with vicarious allegations which make up the overwhelming majority of his allegations against the Police Defendants. In doing so, Plaintiff exposes the overarching fallacy of the Complaint: that it is filled with baseless, contradictory and improper allegations which are wholly unsupported by law or fact.

Plaintiff has also made no attempt to cure or explain the deficiencies in serving the Police Defendants. As was previously addressed by the Motion, Plaintiff has not provided to undersigned counsel various exhibits which he apparently attached to his Complaint. In spite of pointing this out, [Document 10, p. 9 n. 4], Plaintiff has still not provided Exhibit P to counsel for Police Defendants, in addition to Exhibits L, M, N, O and Q. Thus, Police Defendants do not have the benefit of those Exhibits in responding to the Complaint, and can only assume 1) that those have been provided to the Court and 2) that the allegations contained within those Exhibits accurately reflect the statements contained in the Response which cite to them.

Regardless, Plaintiff's citation to these "interviews" from his "investigations" conducted with his "clients" does not change the fact that Plaintiff's complaint fails to state a claim.

## II. PLAINTIFF'S STATEMENT OF FACTS

Plaintiff's Response includes certain paragraphs of the Complaint which briefly summarize the allegedly unlawful practices of the Police Defendants, before shifting focus to alleged transgressions suffered almost exclusively by Mr. Trevor Pittman and Mr. Kyle Whitley. [Document 18 at pp. 4-15.] Notwithstanding the deficiencies in those allegations, neither Pittman nor Whitley has brought claims against the Police Defendants. Plaintiff cannot demonstrate legally cognizable claims based on allegations relating to others. To establish standing for constitutional violations, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). As stated in the Defendants' Motion to Dismiss [Document 10], Plaintiff's Response likewise fails to offer a plausible or cogent factual basis to support his own claims against these Defendants as set forth in the Complaint.

## III. PLAINTIFF'S EIGHTH CLAIM FOR RELIEF, THE FOURTH AMENDMENT CLAIM, SHOULD BE DISMISSED

In defending the sufficiency of his Eighth claim for relief, Plaintiff relies upon *In re Search Warrant Issued June 13, 2019*, 942 F.3d. 159 (4th Cir. 2019). [Document 18, p. 20]. There, in facts far different than the facts alleged in Plaintiff's Complaint, the Fourth Circuit granted an injunction to a law firm seeking to enjoin the Government from reviewing emails related to other clients who were not the target of a search:

> Lawyer A's seized email inbox contained approximately 37,000 emails, of which 62 were from Client A or contained Client A's surname. And Lawyer A's seized email "sent items" folder contained approximately 15,000 emails, of which 54 had been sent to Client A or contained Client A's surname. *Id.* at 80. An "extensive" portion of the seized emails were "from other [Law Firm] attorneys concerning ... other attorneys' clients that have no connection with th[e] investigation[s]" of Lawyer A and Client A.

*Id*. at 166–67.

The first question for the Court was "whether the Law Firm is likely to suffer irreparable harm absent injunctive relief." *Id*. at 171. The Court, in granting the injunction, confirmed that an attorney may raise the attorney-client privilege on behalf of his clients, which in that case included emails almost entirely between the firm and clients who were not the target of the seizure. *Id*. at 172 ("The Law Firm emphasizes (1) that 99.8 percent of the 52,000 emails seized by the government were not from Client A, were not sent to Client A, and did not mention Client A's surname;

4

and (2) that many of those emails contained privileged information relating to other clients of the Firm, including clients who are potential subjects or targets of government investigations.").

Plaintiff's reliance on *In re Search Warrant* is misplaced, as the Court addressed a completely different and unrelated issue to the one presented in the instant Motion, and does not address the issue central to this claim. There is no dispute that an attorney can raise the attorney-client privilege on behalf of his client; Police Defendants have not suggested otherwise. The dispute here is whether Plaintiff, who is not the holder of the attorney-client privilege, has a cognizable claim for damages on the basis that his Fourth Amendment rights were violated when a *client* is subject to an unlawful search. No part of the holding of *In re Search Warrant* offers guidance on that issue. That issue was addressed in *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961 (1969). There, the Supreme Court explained that "[w]e adhere to … the general rule that **Fourth Amendment rights are personal rights which … may not be vicariously asserted**." *Id*. at 174, 89 S.Ct. at 966-967 (emphasis added). "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or

seizure directed at someone else." *United States v. Cobb*, 432 F.2d 716, 719 (4th Cir. 1970) (quoting *Jones v. United States* (1960) 362 U.S. 257, 80 S.Ct. 725).

Plaintiff cannot rely on searches or seizures of Mr. Pittman, Mr. Whitley, Ms. VanBuskirk, *RC Catalyst*, or anyone else, to establish a violation of his rights. The fact that allegedly unlawful searches or seizures[1] were carried out against Plaintiff's clients is irrelevant when assessing whether Plaintiff has sufficiently pled a personal claim for Fourth Amendment violations. Plaintiff is not the 'person aggrieved by an unlawful search and seizure' in any of the allegations set forth in his Complaint. His status as the attorney of those allegedly aggrieved persons or parties is plainly an attempt to assert a vicarious Fourth Amendment violation, which cannot be the basis for a cognizable claim. Accordingly, the Eighth claim for relief must be dismissed.

Furthermore, Plaintiff adds that Mr. Pittman was the "agent" of Ms. VanBuskirk, that Mr. Pittman was represented by Plaintiff for the purpose of the independent investigation, and that RC Catalyst was represented for the purpose of the investigation. [Document 18, pp. 21-22.] Attorney-client communications that a client reasonably expects to be published are not privileged. *United States v. (Under Seal)*, 748 F.2d 871, 875 (4th Cir. 1984) ("Rather than look to the existence of the attorney-client relationship or to the existence or absence of a specific request

---

[1] The Plaintiff admits that all the searches which led to the seizures of the communications were all conducted pursuant to lawful search warrants authorized by a Superior Court Judge. Complaint, ¶¶ 52-55.

for confidentiality, we must look to the services which the attorney has been employed to provide and determine if those services would reasonably be expected to entail the publication of the clients' communications.").

Here, Plaintiff has repeatedly admitted that the nexus of this matter is his "independent investigation" into the allegedly unlawful practices of the Defendants, including the Police Defendants, and retaliation based on the publication by Plaintiff and Plaintiff's clients of information allegedly obtained through the efforts of that independent investigation.[2] The Complaint explains in detail that the ultimate aim of Plaintiff and his clients is to obtain and publish as much damaging information about Police Defendants as possible. Not only do the Plaintiff and his clients have the reasonable expectation that their communications and findings arising from the investigation will be published, their respective attorney-client relationships are based almost exclusively on the expectation that eventually the information will be published, to the extent it has not already been published.

## IV. PLAINTIFF'S NINTH CLAIM FOR RELIEF, FIRST AMENDMENT CLAIM, SHOULD BE DISMISSED

---

[2] Bizarrely, Plaintiff claims that his "investigation" includes him being the moving force behind the removal of former Chief Judge Randy Pool for soliciting sexual favors, and then Plaintiff attempts to link Murray's resignation to this investigation. [Document 18, p. 2, n. 2]. None of this information is in the Plaintiff's Complaint and only seeks to buttress the conclusion that Plaintiff is not seeking redress for any legal grievances, but rather seeking to use this lawsuit to advance his own twisted personal agenda in smearing Murray and the other Defendants.

Plaintiff does not cite to any authority to support his claim that his First Amendment claims should survive the Motion. As previously mentioned, Plaintiff cannot offer conclusory allegations that he himself was retaliated against, such as how Plaintiff alleges the Police Defendants "engaged in retaliatory actions towards Plaintiff, e.g., … threatening Plaintiff directly". *Id*. at 23. Plaintiff does not claim which of the "Police Defendants" engaged in this conduct, or what this "retaliatory action" consisted of. Simply alleging a constitutional violation without any supporting facts does not state a claim. This is a textbook example of inadequate "the-defendant-unlawfully-harmed-me" allegations that were expressly rejected by the Supreme Court in *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50. (2009) The allegations are not fleshed out in any greater detail in his Response. It must be assumed that if Plaintiff, in neither his Complaint or Response, cannot point to a single specified occurrence of a direct threat made to him by the Police Defendants, then no such occurrence exists. At the very least, these allegations are not plausible.

In numerous errant attempts to bolster his Complaint, Plaintiff again vicariously asserts his rights through his clients: "Police Defendants' unlawful stops arrests, threats, and charges **against Plaintiff's *clients*** to stop further information from being provided and/or publicly disclosed and/or **to retaliate against *those* who had previously provided Plaintiff** with information". [Document 18, p. 24]

8

(emphasis added). The Complaint is dominated by actions taken against Plaintiff's clients, rather than against himself directly. These vicarious assertions only serve to highlight the procedural defects of the Complaint. The only allegations Plaintiff makes that could conceivably meet the plausibility pleading requirement are vicarious assertions through his clients, and those have no relevance to a determination of the Motion. Any direct allegations concerning the Plaintiff are conclusory and insufficient to avoid dismissal of the Ninth claim.

## V. PLAINTIFF'S TENTH CLAIM FOR RELIEF, MONELL LIABILITY, SHOULD BE DISMISSED

Ultimately, Plaintiff's Tenth claim cannot stand on its own; it must be supported by independent constitutional violations to meet the pleading requirements. As demonstrated above and in the Motion to Dismiss, Plaintiff has not properly pled violations of his Fourth or First Amendment rights. On this basis alone, the Tenth claim should be dismissed.

## VI. PLAINTIFF'S STATE CLAIMS SHOULD BE DISMISSED

While Plaintiff contends that the Defendants did not address his state claims [Document 18, pp. 17-19], he is mistaken. The Defendants requested that the Court exercise its discretion and dismiss the state claims as they were based upon the same unsupported allegations as the federal claims. [Document 10, p. 24]. In short, this

Court has the authority to dismiss those claims and, in light of the lack of factual allegations to support them, dismissal of those claims is appropriate.

## VII. <u>CONCLUSION</u>

Litigation should be a serious attempt at redressing constitutional harms and wrongs. Plaintiff, however, is treating litigation as a game and using this lawsuit to level unsupported and unrelated grievances against state Superior and District Court Judges, an elected District Attorney, an elected Sheriff, and Sheriff's deputies. Plaintiff's conduct- including calling a member of the local bar a lawyer for the Cali drug cartel, back-dating subpoenas, and "stalking judges"- has already gotten four judges to recuse themselves from hearing his own cases, prompted apparent numerous complaints to the bar about his conduct, and admonishments about his conduct from another district court judge who stated that he had "never seen anything like" Plaintiff's conduct. [Documents 12, p. 6; 17, pp. 3, 6; 17-3, pp. 2-3; 17-6, p.2] Enough is enough. If Plaintiff wants to pursue a career in fiction, that is his prerogative but he should not pursue it in a civil rights lawsuit in federal court.

Accordingly, Police Defendants respectfully request that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court enter an Order granting Police Defendants' Motion to Dismiss.

Respectfully submitted this 18th day of November, 2021.

/s/Sean F. Perrin
Sean F. Perrin
N.C. State Bar No. 22253
Alexander J. Buckley
N.C. State Bar No. 53403
WOMBLE BOND DICKINSON (US) LLP
301 South College Street, Suite 3500
Charlotte, North Carolina  28202-6037
Telephone:  704-331-4992
Facsimile:   704-338-7814
Sean.Perrin@wbd-us.com
Alex.Buckley@wbd-us.com

*Attorneys for Defendants Rutherford County Sheriff's Office, Chris Francis, Chadd Murray, Jamie Mode, Wilmer Chavez-Perez, Tyler Greene and John Does 1-15*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2021, I electronically filed the foregoing Reply Brief with the Clerk of Court using the CM/ECF system, and mailed a copy to:

>Andrew Labreche
>Woodridge Law
>134 Taylor St.
>Rutherfordton, NC 28139
>*Attorney for Plaintiff (Pro Se)*
>
>David Chambers
>Post Office Box 1082
>Rutherfordton, NC 28139

This the 18th day of November, 2021.

>/s/Sean F. Perrin