# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CASE NO. 1:21-cv-271

| | |
|---|---|
| ANDREW LABRECHE, | ) |
| Plaintiff, | ) |
| Vs. | ) |
| DAVID CHAMBERS, in his individual and official capacity, | ) |
| TOMMY DAVIS, in his individual and official capacity, | ) |
| ROBERT MARTELLE, in his individual and official capacity, | ) |
| ELLEN SHELLEY, in her individual and official capacity, | ) |
| MICHELLE MCENTIRE, in her individual and official capacity, | ) |
| TED BELL, in his individual and official capacity, | ) |
| RUTHERFORD COUNTY SHERIFF'S OFFICE, | ) |
| CHRIS FRANCIS, in his individual and official capacity, | ) |
| CHADD MURRAY, in his individual and official capacity, | ) |
| JAMIE MODE, in his individual and official capacity, | ) |
| WILMER CHAVEZ-PEREZ, in his individual and official capacity, | ) |
| TYLER GREENE, in his individual and official capacity, and | ) |
| JOHN DOES [1-15], in their individual and official capacities | ) |

**PLAINITFF ANDREW LABRECHE'S RESPONSE TO DEFENDANTS TOMMY DAVIS, ROBERT MARTELLE, ELLEN SHELLEY, MICHELLE MCENTIRE, AND TED BELL'S MOTION FOR EXTENTION OF TIME TO REPLY AND/OR REQUEST FOR <u>RECONSIDERATION</u>**

**COMES NOW**, the Plaintiff, Andrew LaBreche ("Plaintiff"), and, in response to and/or requesting reconsideration of Defendants Tommy Davis, Robert Martelle, Ellen Shelley, Michelle McEntire, and Ted Bell's (hereinafter, collectively, "Judicial Defendants") Motion for Extension of Time to Reply, argues that the Court should deny Judicial Defendants' requested relief and, in support thereof, alleges as follows:

## **FACTS**

As described in detail in the Complaint [DE 1], as well as Plaintiff's Response to Judicial Defendants' Motion to Dismiss [DE 19], Judicial Defendants have engaged in a deliberate pattern of misconduct designed to prevent Plaintiff from accessing the courts. As expressly stated by Judicial Defendants, the purpose of their actions is to "destroy[] Plaintiff's business." As intended, Judicial Defendants' actions are severely harming both Plaintiff's and Plaintiff's clients' interests on a daily basis.

On November 15, 2021, Judicial Defendants filed a Motion to Dismiss Plaintiff's Complaint. [DE 19] Plaintiff filed the response to their motion on November 23, 2021. [DE 21]

On November 24, 2021, Judicial Defendants' counsel sent an email to undersigned counsel stating:

> I received your response to the State Defendants' motion to dismiss late yesterday. A reply is due Tuesday, Nov. 30.
>
> I intend to move for an extension of time to respond because schools are closed today and I have no childcare, the Thanksgiving holiday, and I received notice today of a hearing scheduled for Tuesday, Nov. 30 in the US District Court – Middle District to address preliminary injunction issues that I need to attend on behalf of my client. Additionally, I have a criminal brief due in the Court of Appeals on Friday, December 3. Finally, I have discovery responses due and another court hearing in

Greensboro the week of Dec. 6.  For these reasons, I am requesting a 10 day extension to file the reply, making it December 10.

[DE 22]

On the same day, undersigned counsel – while attempting to alleviate Judicial Defendants' concerns – responded by emphasizing the urgency of moving this matter toward resolution and offering a brief extension:

> While I certainly understand the difficulty of balancing multiple projects, I cannot agree to an extension that more than doubles the allotted response time.
>
> As identified in my complaint, the retaliatory actions of your clients – who are deliberately preventing me from accessing the courts, practicing law, and attempting to adequately meet the needs of my clients – is a pressing matter that severely impacts me financially and harms my clients with every passing day.
>
> As but one example, I now have a client who has been incarcerated for months for relatively minor crimes because your clients have refused to secure a superior court judge that can address his bod and/or resolve his case.
>
> Additionally, while the issues in this case are complex, requesting more than twice the amount of time permitted by the court rules to research and respond (including with the assistance of younger attorneys in your office) is unreasonable, particularly given that this involves a reply brief.
>
> I am happy to agree to a two (2) day extension to account for Thanksgiving and the state holiday on Friday.  However, in light of the harm being inflicted by your clients on a daily basis, I cannot reasonably agree to a longer extension while I have clients unable to resolve emergency matters and/or who have no means to address the improperly inflated periods of incarceration resulting from the recusals/unyielding continuances.

Having received no response, Plaintiff believed Judicial Defendants' counsel was agreeable to the two-day extension.  However, on November 29, 2021 – only one day before the currently scheduled reply deadline – Judicial Defendants filed a Motion for

Extension of Time to Reply seeking more than twice the allotted time for submitting a reply based on the following reasons:

1. November 25, 2021 and November 26, 2021 were holidays and Judicial Defendants' counsel could not cancel holiday plans or work during the holidays, and November 24, 2021 was a school holiday and Judicial Defendant had no child care. As noted above, undersigned counsel agreed to extend the Reply deadline by two days to account for these days. Additionally, Judicial Defendants' counsel provides no explanation for why she was unable to work during these times periods when not spending time with family.

2. On November 24, 2021, the United States District Court for the Middle District of North Carolina scheduled a hearing on November 30, 2021 in *Allison et. al. v. Allen et al.*, 1:19-cv-01126-NCT-LPA. Although Judicial Defendants' counsel acknowledges that Plaintiff's Response was filed prior to the scheduling of this hearing, counsel provides no explanation as to whether she made any efforts to reschedule that hearing, whether she simply needs to be in attendance (and if she could attend via teleconference) or if she needed to complete any additional preparatory work. From a review of the case history in *Allison*, it appears that all issues in that matter are fully briefed and that Judicial Defendants' counsel had weeks to prepare for and anticipate this hearing.

3. Judicial Defendants' counsel has a responsive pleading due in *Steele v. Bunting, et al.*, No. 21 CVS 17426 in Mecklenburg County on November 30,

2021, i.e., the same date that the Reply brief is due (and the same date as the hearing in *Allison*). Counsel provides no indication as to how long she has known about this matter, what type of responsive pleading is due, e.g., a simple answer, a reply, etc., whether she made any efforts to obtain an extension as to this brief, how much work is purportedly needed to complete the filing, or how many other attorneys are assisting her (or are able to assist) with this project.

4. Judicial Defendants' counsel has a response brief due in *State v. Harris*, No. COA 21-400 in the Court of Appeals on December 3, 2021. In addition to this brief being due four (4) days after the Reply brief in this case, counsel provides no information as to how many attorneys in her office are working on this brief (including subordinate attorneys that are generally tasked with the majority of research and writing), or whether she made any attempt to secure agreements with opposing counsel and/or the court for a continuance on the brief.

5. Judicial Defendants' counsel has a hearing in Guildford County on December 8, 2021 – nine (9) days after the Reply deadline in this case. As with the other bases for counsel's request for an extension, she provides no information as to what amount of work has been done versus what is required to attend to this matter, how many other attorneys she has at her disposal to assist and/or attend the hearing on her behalf, or whether she made any efforts to secure a continuance through an agreement with the parties.

On November 29, 2021, the Court summarily granted Judicial Defendants' motion prior to Plaintiff being able to file a response in objection.

While Plaintiff continues to consent to a two-day continuance, resulting in December 2, 2021 Reply deadline, Plaintiff urges the Court to deny and/or reconsider Judicial Defendants' request to more than double the response deadline for this matter based on nothing more than a standard work load for a litigator.

## LAW[1]

Under Fed. R. Civ. P. Rule 6(b), the Court may extend deadlines, including briefing response dates, as follows:

> *(1) In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . .

In evaluating whether "good cause" has been demonstrated, *North Carolina State Conference of the NAACP v. Cooper*, No. 1:18cv1034 (M.D.N.C. 2020) looked to caselaw describing "good cause" in the context of briefing, discovery, and schedule order extensions and/or alterations. In doing so, *Cooper* noted that "eleventh hour extension [requests] and consistent disregard of discovery deadlines" manifest "bad faith," not good cause. *Id.*, *quoting Zones v. Specialty Indus, Inc.*, No 97-2337, 166 F.3d 1212, 1998 WL 886997, at *7 (4th Cir. Dec. 21, 1998) (unpublished). "Only by strict adherence to the[] reasonable deadlines imposed after consultations with counsel can litigation of [significant] scope be efficiently administered." *Id.*, *quoting In re Asbestos Prods. Liab.*

---

[1] Because Judicial Defendants' motion was granted immediately prior to Plaintiff's submission of his response in opposition, Plaintiff requests that the Court consider this response as a request for reconsideration under Fed. R. Civ. P. Rule 60 if necessary.

*Litig. (No. VI)*, MDL No. 875, 2012 WL 8021094, at *1 n. 1 (E.D. Pa May 29, 2012) (unpublished).

*Cooper* also determined that an attorney's competing obligations in other cases is an inadequate basis to satisfy the "good cause" standard of altering existing deadlines:

> Nor do the Parties enjoy entitlement to relief based on their counsels' responsibility for (A) parallel appellate litigation over intervention – and inunction-related issues in this case, and/or (B) the conduct of other cases. *See*, e.g., *Macaulay v. Anas*, 321 F.3d 45, 59 (1st Cir. 2003) ("Courts simply cannot afford to let lawyers' schedules dominate the management of their dockets.") *Mondares v. Kaiser Found. Hosp.*, No. 10cv2676, 2011 WL 5374613, at *2 (S.D. Cal. Nov 7, 2011) (unpublished) ("Every attorney who appears before this [c]ourt juggles multiple cases and has a busy schedule . . . . [O]ther trials and a busy schedule do nothing to advance [a litigant's] burden to show she was diligent in *this* case . . . . [C]ounsel essentially has admitted she was not diligent in this case because she was busy litigating *other* cases." (emphasis in original)); *see also Morris-Belcher v. Housing Auth. Of City of Winston-Salem*, No 1:04cv255, 2005 WL 1423592, at *4 (M.D.N.C. June 17, 2005) (Beaty, J.) (unpublished) ("[T]he professional commitments and busy caseload of an attorney are not ordinarily grounds for finding excusable neglect.").

Here, Judicial Defendants waited until the day before their Reply was due to file the motion at issue. Despite Plaintiff's attempts to impress on Judicial Defendants' counsel the very real damage occurring to Plaintiff and his clients on a daily basis, counsel apparently made no efforts to alter the scheduled dates in other cases that have less immediate consequences to the parties. In fact, Judicial Defendants' counsel bases the entirely of this motion on factors facing every attorney at any given time, e.g., the management of other cases at the same time, family life that necessarily commands our attention at inconvenient times, etc.

Moreover, as noted briefly above, Judicial Defendants' counsel makes no reference to the sizeable staff available to her, including senior and junior associates, who routinely assist with the types of cases referenced in her motion. In fact, *Cooper* leaned

heavily on this factor in rejecting the North Carolina Department of Justice's (i.e., the entity for which Judicial Defendants' counsel works) request to alter existing deadlines. *Id*., n.3. In doing so, *Cooper* emphasized the impropriety of claiming the need for extensions when the parties had multiple attorneys available to assist with any work needed to meet the current deadlines.

While Plaintiff is sympathetic to a heavy and often difficult to manage caseload, the reasons provided by Judicial Defendants' counsel simply do not justify more than doubling the reply deadline, particularly when doing so will cause tangible harm to Plaintiff. Accordingly, Plaintiff requests that the Court deny and/or reconsider Judicial Defendants' Motion for Extension of Time to Reply and, instead, afford Judicial Defendants with the two (2) additional days offered by Plaintiff to account for the holidays.

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court deny and/or reconsider Judicial Defendants' Motion for Extension of Time to Reply and, per the agreement between Plaintiff and Judicial Defendants', allow Judicial Defendants to file their Reply on December 2, 2021.

WHEREFORE, Plaintiff Andrew LaBreche respectfully prays that Judicial Defendants' Motion for Extension of Time to Reply in the above-captioned matter be denied and/or reconsidered.

This the 29th day of November, 2021.

    _s/ Andrew LaBreche_____
Andrew LaBreche, Esq.
*Pro se*
WOODRIDGE LAW
134 Taylor Street
Rutherfordton, NC 28139
Telephone: (828) 829-1050
Fax: (828) 829-1049
alabreche@woodridgelaw.com

CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing via the CM/ECF system on November 29, 2021, with a copy mailed, certified receipt requested, to:

David Chambers
3074 Polk County Line Rd.
Rutherfordton, NC 28139


This the 29th day of November 2021.

                                                s/ Andrew LaBreche