IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Case No. 1:21-cv-271

| | |
|---|---|
| ANDREW LABRECHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **DEFENDANTS DAVIS,** |
| v. | ) **MARTELLE, SHELLEY,** |
| | ) **MCENTIRE AND BELL'S** |
| DAVID CHAMBERS, et. al., | ) **REPLY TO PLAINTIFF'S** |
| | ) **RESPONSE TO THEIR** |
| Defendants. | ) **MOTION TO DISMISS** |

NOW COME Defendants Senior Resident Superior Court Judge Tommy Davis, Chief District Court Judge Robert Martelle, District Court Judge Ellen Shelley, District Court Judge Michelle McEntire, all of North Carolina's Judicial District 29A, and District Attorney Ted Bell, the duly elected District Attorney for North Carolina Prosecutorial District 41 (hereinafter collectively referred to as "State Defendants"), by and through Special Deputy Elizabeth Curran O'Brien, and hereby submit their reply to Plaintiff's Response to State Defendants' Motion to Dismiss.

## ARGUMENT

In responding to State Defendants' Motion to Dismiss, Plaintiff repeatedly makes unsupported allegations, mischaracterizes the law and attempts to include factual allegations and claims that do not appear in the pleadings. Repeating something often and loudly does not make it true. Although this Court must accept as true Plaintiff's well-plead

1

factual allegations, this Court "owe[s] no allegiance to unwarranted inferences, unreasonable conclusions, or arguments drawn from those facts." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011) (internal quotations omitted). For the reasons set forth below, this Court should reject Plaintiff's argument and grant the State Defendants' motion to dismiss.

## I. CAPACITY AND IMMUNITIES

Plaintiff acknowledges in his Response that his official capacity claims against the State Defendants for monetary relief are barred by sovereign immunity. [DE 21 pp 12-13] He states that he seeks prospective declaratory and injunctive relief against the Judicial Defendants in their official capacities in Claims Two, Eight and Nine. He further states he seeks monetary damages against Judicial Defendants in Claim Two.

### a. Claim Eight – Fourth Amendment

Plaintiff asserts that the State Defendants do not argue for dismissal of Plaintiff's Fourth Amendment claim. [DE 21 p 12, fn 3] State Defendants clearly assert that [a]ll of Plaintiff's claims arising under federal law against the State Defendants in their official capacities that seek monetary relief are barred by the Eleventh Amendment, including Claim Eight. [DE 19-1, p 5-6, 8-9] Additionally, while Plaintiff now asserts he asserts Claim Eight in an individual capacity also, he specifically pled in Claim Eight that the Defendants "were acting in their official capacities in engaging in these activities." [DE 1-1, ¶ 219]

Although Plaintiff claims in his Response that he seeks prospective declaratory and injunctive relief in Count Eight, he does not do so. [DE 21, p 13] The *Ex parte Young*

exception applies only when there is an ongoing violation of federal law that can be cured by prospective relief. *DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999). "It does not apply when the alleged violation of federal law occurred entirely in the past." *Id.* Here, Plaintiff's Fourth Amendment claim appears to be that Plaintiff's Fourth Amendment rights were violated when a client, who is not a party to this lawsuit, was subject to a purportedly unlawful search. While Plaintiff presents no cognizable claim that his Fourth Amendment rights were violation. Even if he did, the purported violation Plaintiff complains of clearly occurred entirely in the past. Even so, Plaintiff does not request any declaratory or injunctive relief. Instead, he asserts only monetary damages, specifically that he "suffered damages, including economic and non-economic injuries as a consequence of these violations." [DE 1-1, ¶ 226] It is abundantly clear that Plaintiff seeks only monetary damages for Claim Eight, which are barred by the Eleventh Amendment.

### b. Claim Nine – First Amendment

Plaintiff's First Amendment claim fails to state a claim because there is no First Amendment right to investigate. Plaintiff attempts to clarify this allegation by asserting he was retaliated against by the Judicial Defendants for assisting his media client with the publication of information regarding the Judicial Council. Plaintiff does not allege what function he was performing on behalf of his client in "assisting" the RC Catalyst. Exhibit A to Plaintiff's Response claims to be authored by Gayle Clayton, and Plaintiff does not allege he authored the article. Plaintiff fails to plead sufficient facts to demonstrate that he was engaged in a constitutionally protected activity.

Additionally, while Plaintiff asserts he seeks prospective injunctive relief for this claim, he makes no demands for any prospective injunctive relief as relates to this claim.

### c. Claim Two – State Constitutional Claims

Plaintiff's official capacity state constitutional claims. Plaintiff cannot demonstrate an absence of an adequate state remedy to address his concerns. Further, his complaints about access to the courts and being denied the fruits of his labor are undermined by his failure to show up in court to represent his clients. [DE 19-2, 19-3]

In his Response, Plaintiff now argues that the judicial recusals were not actually utilized to prevent Plaintiff from accessing the courts. [DE 21, p 16] Instead, Plaintiff argues the Judicial Defendants "orchestrated" his alleged denial of access to the courts by utilizing assistant district attorneys and clerks to continue cases. [Id.] Plaintiff argues that the Judicial Defendants "assumed liability for the wrongful actions of every other Judicial Defendant, i.e., recusals and/or continuances in a specific case . . ." [Id.] To the extent Plaintiff is attempting to add a new claim or theory of civil conspiracy, this claim is not properly pled and this Court should disregard it.

Plaintiff cites *In re Nowell* to support his argument that he has been denied access to the courts in violation of the North Carolina Constitution. Plaintiff's reliance on *Nowell* is misplaced, as the Court addressed a completely different and unrelated issue to the one presented in Plaintiff's complaint – the public trials clause. *In re Nowell,* 293 N.C. 235 (1977). In *Nowell*, a judge was before the court upon a censure recommendation of the North Carolina Judicial Standards Commission because he judge disposed of two traffic cases without notice to the prosecuting attorney, and outside of the courtroom at a time

4

when court was not in session. *Id.* at 249. The court held that the district attorney was entitled to be heard and the public was entitled to hear the judgment rendered by the judge. *Id.* at 251. Here, Plaintiff asserts a claim that he himself has been denied access to the courts because his cases are being continued and non-recused judges are not assigned to hear his cases. This factual assertion is unsupported and *Nowell* is inapplicable.

Likewise, *Simeon v. Hardin* is inapplicable to the factual allegations presented by Plaintiff. *Simeon* was a class action brought against the District Attorney challenging the constitutionality of the statute authorizing prosecutorial calendar control brought on behalf of all current and future criminal defendants in Durham County, North Carolina. *Simeon v. Hardin*, 339 N.C. 358 (1994). Plaintiff brings this claim on behalf of himself, and not any specific client. Plaintiff's complaint fails to provide factual support that the State engaged in "purposeful or oppressive delays" "which the prosecution could have avoided with reasonable effort." Plaintiff has chosen to not appear on his client's scheduled criminal court dates or participate in the scheduling of his cases. [DE 19-2, 19-3] Further, the prosecutor does not calendar Plaintiff's civil cases, and he has not named the persons with calendaring authority for those cases as defendants in this action. Likewise, Plaintiff has not named the assistant district attorneys and clerks he purports are the persons actually continuing his cases. [DE 21, p 16] This Court should summarily reject this claim.

Regarding his equal protection claim, Plaintiff repeats his wholly unsubstantiated allegations that the Judicial Defendants "decided during one or more Judicial Council meeting to prevent Plaintiff from being able to practice law by preventing him from accessing the courts . . . to destroy Plaintiff business . . ." [DE 21, p 23] This conclusion

5

couched as a factual allegation fails to meet the plausibility requirement. To the extent that Plaintiff attempts to bring an as-applied constitutional challenge to Judicial Canon 3 in footnote 6 of his response, the Court should not consider any new claims not contained within the Complaint.

### d. Immunity

Next, Plaintiff argues for the first time that "a judicial recusal is the functional equivalent of [a] staffing decision . . ." [Id. at p 17] Again, this contention is not supported by existing law. "Courts unanimously have found that a failure to recuse oneself is a judicial act for purposes of absolute judicial immunity." *Price v. Porter*, No. CIV.A. 09-0176, 2009 WL 1210509 (W.D. La. May 1, 2009), *aff'd,* 351 F. App'x 925 (5th Cir. 2009) *citing Shepherdson v. Nigro*, 179 F.R.D. 150, 152 (E.D. Pa. 1998) and *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1986) "Recusal, appointment of a special judge for a pending case, and the detention of a criminal defendant are not the types of administrative or ministerial conduct for which judicial immunity is unavailable." *Kemp ex rel. Kemp v. Perkins*, 324 F. App'x 409 (5th Cir. 2009). In accordance with judicial immunity jurisprudence, it is clear that the Judicial Defendants did not act "in the clear absence of all jurisdiction" and that a recusal is clearly a judicial act, therefore, all of plaintiff's claims based upon, and arising out of, the Judicial Defendants' judicial decisions to recuse themselves, clearly fall within the judicial immunity doctrine as those decisions were made in their capacity as a judge.

Additionally, Plaintiff argues that because he has requested prospective relief in the form of declaratory and/or injunctive relief, Judicial Defendants are not entitled to

immunity. The only prospective injunctive relief Plaintiff has requested is that this Court mandate "that these Defendants ensure that the courts are open and available to hear Plaintiff's and his clients' cases at all times." [DE 1-1, p. 61] Under § 1983, a State's sovereign immunity under the Eleventh Amendment is lifted in certain cases to allow federal jurisdiction over suits that seek prospective injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). However, Plaintiff fails to plead an ongoing violation of federal law that is remedied by his injunctive relief request. Neither his Fourth Amendment claim nor First Amendment retaliation claim are remedied by his requested relief. As to Plaintiff's state law claims, there is no such exception to sovereign immunity under North Carolina law. *Minneman v. Martin*, 114 N.C. App. 616, 620 (1994) (disagreeing with plaintiff's contention that official-capacity actions for prospective relief are not treated as actions against the State and public officials are not protected by immunity).

## II. STATE CLAIMS

### a. Claim Two – Open Meetings

To support his position that the Judicial Council is a public body, Plaintiff attaches to his Response an article from his client, the RC Catalyst, entitled "Corruption within District Legal System?" While this article does nothing to support Plaintiff's claim, it does contain a July 5, 2020 comment from former 29A Judicial District Senior Resident Superior Court Judge Laura Bridges, who Plaintiff alleges created the Judicial Council in 2005. [DE 21-1, p 2] Judge Bridges states that the content of Exhibit A, which makes the exact claims made in this lawsuit regarding the Judicial Council, is "Complete Fiction!" [DE 21-1, p 7] Judge Bridges explains the Judicial Council was established from a model

from the UNC School of Government, which encouraged each district to set up a council to work on courthouse facility improvements and court administration efficiency. [Id.] Judge Bridges further explains who is on the council and how they are selected. [Id.] She makes clear that no individual cases or individual attorneys were discussed, and the meetings were not held in secret, but rather the schedule was given to the local bar associations. [Id.] She further characterizes the RC Catalyst article as slander. [Id.]

To the extent Plaintiff attempts to bolster his claims of violation of Open Meetings by the Judicial Council, his own exhibit provides actual factual information that completely contradicts his claim.

### b. Claim Four – Electronic Surveillance Act

As State Defendants argued in their brief, the North Carolina Electronic Surveillance Act, by its own plain language, does not cover a recording such as the one seized by law enforcement. "[T]he statute only applies to those communications that are intercepted, not those that have been stored. *Kinesis Advert., Inc. v. Hill*, 187 N.C. App. 1, 17 (2007). Further, a search warrant is not "an electronic surveillance order" within the meaning of the statute. *See* N.C. Gen. Stat. § 15A-290. The Electronic Surveillance Act is completely inapplicable to the facts alleged in the Complaint.

### c. Claim Five – Conspiracy

Plaintiff misrepresents the holding in *Dennis v. Sparks*, 449 U.S. 24 (1980), citing it for the assertion that the conspiracy claim renders judicial immunity and prosecutorial immunity inapplicable. *Dennis* holds that an action may be maintained against private parties who conspire with judicial officials in connection with an official judicial act are

acting under color of state law within the meaning of 42 U.S.C. § 1983, even though the judge himself is immune from damages liability in a 1983 action. *Id*. In other words, the private party is not entitled to immunity, even though the judge is. *Dennis* does not hold that alleging a conspiracy renders judicial or prosecutorial immunity inapplicable, and instead reaffirms that judicial immunity does apply.

### d. Claim Seven – Invasion of Privacy

To the extent Plaintiff attempts to bring a new claim, asserting he is entitled to certain privileges as a journalist, this claim in not pled in the Complaint and should not be considered.

### III. CONCLUSION

For the reasons set forth in the memorandum of law submitted in support of their motion to dismiss as well as those set forth above, the State Defendants respectfully request this Court enter an order granting the State Defendants' motion to dismiss.

Respectfully submitted, this the 10th day of December, 2021.

>JOSHUA H. STEIN
>
>Attorney General
>
>/s/ Elizabeth Curran O'Brien
>
>Elizabeth Curran O'Brien
>Special Deputy Attorney General
>N.C. State Bar No. 28885
>North Carolina Department of Justice
>P.O. Box 629
>Raleigh, NC 27602-0629
>Telephone:  (919) 716-0091
>Facsimile:   (919) 716-6755
>Email: eobrien@ncdoj.gov
>*Counsel for State Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **DEFENDANTS DAVIS, MARTELLE, SHELLEY, MCENTIRE AND BELL'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS** with the Clerk of the court using the CM/ECF system which will send notification of such filing to the parties of record who participate in the CM/ECF system and placed a copy of the same in the U.S. Mail, postage-prepaid, addressed to the following individual

>David Chambers
>Post Office Box 1082
>Rutherfordton, NC 28139
>*Attorney for David Chambers*

This, the 10th day of December, 2021.